**Linda A. NELSON, Plaintiff–Appellee,**

v.

**Steven SILVERMAN, Defendant–Appellant.**

**No. 91–56278.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 1993.

Decided July 16, 1993.

Gary Allen, Asst. Atty. Gen., Washington, DC, for defendant-appellant.

Mark R. Moore, La Mesa, CA, for plaintiff-appellee.

Before FARRIS, NORRIS, and REINHARDT, Circuit Judges.

REINHARDT, Circuit Judge:

Bivens[1] defendant Steven Silverman appeals the district court's denial of his motion for summary judgment on the ground of qualified immunity. This is the second time he has filed a pre-trial appeal in connection with his assertion of a qualified immunity defense in this action. We dismiss the present appeal for lack of jurisdiction.

## I

The facts are simple. On June 24, 1988, plaintiff Linda Nelson filed a Bivens suit against I.R.S. agent Steven Silverman, claiming that he violated her fourth, fifth, and sixth amendment rights by garnishing her wages and seizing her house even though he knew she owed no taxes. Silverman moved to dismiss for failure to state a claim or in the alternative for summary judgment, on the ground of qualified immunity. The district court denied the motion on July 25, 1989. Silverman filed an interlocutory appeal on October 6, 1989. Several months later, on February 9, 1990, Silverman stipulated to the dismissal of the appeal "with prejudice."

On July 29, 1991, Silverman again moved the district court for summary judgment on the ground of qualified immunity. The district court again denied the motion in an order dated July 31, 1991. Silverman again filed an interlocutory appeal, this time of the July 31 order. That appeal is now before us.

## II

■ In Mitchell v. Forsyth, the Supreme Court held that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985). We have interpreted Mitchell to confer jurisdiction to hear a pre-trial appeal of the denial of qualified immunity whether that denial takes the form of a refusal to grant a defendant's motion to dismiss or a denial of a summary judgment motion. Pelletier v. Fed. Home Loan Bank of San Francisco, 968 F.2d 865, 870 (9th Cir.1992). A defendant, is not, however, free to file multiple pre-trial appeals from denials of qualified immunity motions. See id. The opportunity to appeal an adverse qualified immunity ruling in advance of trial serves the important purpose of preserving the role of the defense as "an immunity from suit rather than a mere defense to liability," Mitchell, 472 U.S. at 526, 105 S.Ct. at 2815 (emphasis in original). However, these appeals also exact a price. The price consists principally of the additional expense and delay imposed on a civil rights plaintiff before his case can come to trial. In addition, such appeals interfere with the orderly progress of litigation through the trial courts and limit the ability of district judges to manage their own dockets. In Pelletier, we reasoned that one appeal should be sufficient to resolve the legal issues pertinent to a claim of qualified immunity, and hence, that the price is worth paying once but not repeatedly. "One such interlocutory appeal is all that a government official is entitled to and all that we will entertain." Id. at 871. We adopt that statement as our primary holding here.

■ Next we turn to the question of whether Silverman's appeal of the denial of his first qualified immunity motion counts as his one and only pre-trial appeal on the qualified immunity question, or whether the fact that he stipulated to the dismissal of his first appeal entitles him to an additional opportunity for interlocutory review. We are aware of no precedent that defines the consequences attaching to the voluntary termination of an appeal in general, but we have no trouble determining the effect of such a dismissal for purposes of this case. In his first appeal, Silverman commenced proceedings in the appellate court and engaged the appellate process. That after some period of time he voluntarily dismissed his first appeal does not alter the fact that the appeal afforded him a concrete opportunity for pre-trial

---

1. Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

appellate review and he chose to forego it. Silverman had his one pre-trial bite at the appellate apple, and under *Pelletier*, he is not entitled to another.

Our conclusion is fully consistent with the rationale underlying our decision in *Pelletier*. Even an appeal that is dismissed before adjudication by an appellate court will generally impose additional expense and delay on the plaintiff (and inconvenience on the trial court). It was precisely to shield plaintiffs from repeatedly having to shoulder such burdens that we concluded in *Pelletier* that a defendant may bring only one pre-trial appeal of the denial of a grant of qualified immunity. That rule applies whatever the other consequences of an appeal's dismissal may be and whatever label is attached to the dismissal.[2]

■ Silverman argues that the *Pelletier* rule should not be applied in this case because, in contrast to the general case, his initial appeal did not burden the plaintiff or the district or appellate courts. While there is reason to be skeptical of Silverman's assertion given the fact that the appeal was pending for more than four months, we need not concern ourselves with its accuracy. We do not apply the *Pelletier* rule only to those cases in which a first pre-trial appeal visits some arbitrary quantum of expense or delay upon a plaintiff or the courts. It is applicable to all second appeals. Silverman's proposed limitation on *Pelletier* would make our jurisdiction over successive interlocutory appeals of denials of qualified immunity contingent upon a factual inquiry into the effects of the first such appeal on the litigants and the courts. Resolving such questions in the absence of factual findings by a district court would constitute a most unusual task for an appellate court, while requiring the district court to conduct a factual hearing and to issue findings would add an additional cumbersome step to an already complex process. In any event, because *Mitchell v. Forsyth* explicitly limits pre-trial appellate review of qualified immunity to the resolution of legal and not factual disputes, *see* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), we believe such an inquiry is beyond the proper scope of our authority. Finally, we conclude that the question of the permissible number of interlocutory appeals is best answered by means of a categorical rule that is easily understood by the parties and easily applied by the courts.

For the reasons given, the appeal is DISMISSED for lack of jurisdiction.

FARRIS, Circuit Judge:

I concur in the result.

---

**2.** Ordinarily, our orders simply recite the court's decision to dismiss an appeal and do not explicitly state whether the dismissal is with or without prejudice. We think it worth noting, however, that our refusal to overlook Silverman's first appeal cannot come as a surprise to him, because he explicitly agreed to its dismissal "with prejudice."